UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD M. HAHN and MICHELLE M. HAHN, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN Z. STRASSER and JANE DOE STRASSER, husband and wife, and marital community comprised thereof; STEVEN Z. STRASSER, individually and as his sole and separate estate.<br><br>Defendants. | CASE NO. C10-0959-RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Motion for Summary Judgment (Dkt. #8) brought by Plaintiff Hahn ("Plaintiff") and on Motion for Summary Judgment (Dkt. #24) brought by Defendant Strasser ("Defendant"). Plaintiff claims that he is entitled to damages as a result of a breach of contract by Defendant. Defendant argues that if any contract existed, it was an oral contract that is now time-barred. Defendant also claims that an attorney-client relationship

existed between Plaintiff and Defendant. As such, Defendant contends any contract would have been a violation of Rule of Professional Conduct 1.8, which prohibits attorneys from engaging in transactions with clients.

## II. BACKGROUND

Plaintiff contends that in 1989, Defendant promised to pay Plaintiff half of the proceeds received by Defendant as a "finder's fee" for helping to find a buyer for real property owned by a third party. Plaintiff apparently assisted Defendant in this endeavor. Indeed, Defendant gave half of the $50,000 "finder's fee" that he received in 1989 to Plaintiff without issue. Plaintiff states that due to insufficient funds at the time of the initial sale in 1989, Defendant negotiated a contingent arrangement whereby an additional fee would be paid to Defendant upon resale or refinancing of the property. Plaintiff alleges that he and Defendant were in agreement to share this fee when it would ultimately be paid upon the sale or refinancing of the property. The letter of March 20, 1989 ("Letter") is presented by Plaintiff as a memorialization of this agreement, and Plaintiff claims this Letter confirms his interest in the "finder's fee."

On April 16, 2004, the real property was sold to a third party. Out of the closing of the sale, Defendant received an additional $164,000 – the remaining portion of the "finder's fee." Plaintiff learned of the sale in 2009, and claims that he is entitled to $82,050 out of the proceeds received by Defendant in 2004.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FRCP 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor

of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing O'Melveny & Meyers*, 969 F.2d at 747). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

## IV. DISCUSSION

### A. Applicable Statute of Limitations

The primary issue in this action for breach of contract is whether Plaintiff's claim is time-barred by the Washington statute of limitations governing causes of actions sounding in contract. Washington law sets forth two distinct statutes of limitations – a three-year statute of limitations governing oral contracts, RCW 4.16.080, and a six-year statute of limitations governing written contracts, RCW 4.16.040. If Plaintiff can establish that a written contract existed, Plaintiff's action is not barred, as the six-year statute of limitations would apply. However, if as Defendant contends, any contract that allegedly existed was oral, then the three-year statute of limitations applies, and Plaintiff's claim is time-barred.

In order to decide whether a written contract existed, the Court must determine whether the Letter is sufficient to constitute a written agreement. For a writing to constitute a contract, it must contain all the essential elements of a contract, including "the subject matter, the parties, the terms and conditions, and the price or consideration." *Smith v. Skone & Connors Produce*, 26 P.3d 981, 985 (Wash. Ct. App. 2001). Moreover, for purposes of the six-year statute of limitations, a written agreement must contain all the essential elements of the contract without resort to parol evidence. *Bogle & Gates v. Zapel*, 90 P.3d 703, 705 (Wash. Ct. App. 2004). If

resort to parol evidence is necessary, then the contract is partly oral and the three year statute of limitations applies. *Id.*

The Letter in question cannot constitute a written contract. Rather, the Letter is a later writing that was ostensibly created after an oral agreement occurred. The Letter sought to confirm the share of the commission due to Plaintiff at the time. Nowhere does the letter contain a description of consideration required of Plaintiff; nor is there any description of what acceptance or performance was required of Plaintiff. Absent these essential elements, the Letter alone cannot be construed as a written contract. As such, parol evidence is necessary to establish material elements of the contract in question. None of the cases cited by Plaintiff stand for the proposition that a writing may be considered a contract despite the omission of vital elements of a contract such as consideration. The contract, therefore, is oral and the three-year statute of limitations applies.

## B. Acknowledgment of a Past Debt

The Court now turns to Plaintiff's argument that the Letter constitutes an acknowledgment of a debt under RCW 4.16.280, and that consequently Plaintiff's claim is not barred by the statute of limitations. The general rule is that an acknowledgment in the form of a written promise to pay restarts the statute of limitations in cases where the original claim is not yet time-barred, while an acknowledgment made after the claim is time-barred creates a new cause of action for which the old debt serves as consideration. *Jewell v. Long*, 876 P.2d 473, 474 (Wash. Ct. App. 1994). However, the Letter presented by Plaintiff in this case can have no such effect on the statute of limitations.

Plaintiff's cause of action accrued on April 16, 2004, which is when the money Plaintiff claims he is owed became due as a result of the latest sale of the Aurora Avenue property. The Letter that Plaintiff argues is an acknowledgment dates to March, 20 1989. Therefore, the Letter

cannot be considered an acknowledgment of a past debt within the meaning of RCW 4.16.280 since the debt itself did not yet exist when the Letter was written.

## C. Discovery Rule

Plaintiff relies on *Architectronics Constr. Mgmt. v. Khorram* in arguing that the discovery rule applies to breach of contract actions. 45 P.3d 1142 (Wash. App. Ct. 2002). Plaintiff contends that the statute of limitations should be tolled until he discovered the alleged breach in 2010. Under such a theory, Plaintiff's claim would not be time-barred.

However, *Architectronics* has been abrogated by *1000 Virginia Ltd. Partnership v. Vertecs*, 146 P.3d 423 (Wash. 2006), and is no longer controlling law. In *1000 Virginia*, the Washington Supreme Court ruled that a claim arising out of a contract accrues on breach and not on discovery of the breach. *Id.* Therefore, Washington law holds that the discovery rule does not apply to actions for breach of contract.

## D. Motion to Strike

The Court grants Plaintiffs' Motion to Strike and has not considered the materials in question for purposes of this motion.

## E. RPC 1.8

Given the outcome this motion, the Court need not reach the issue of whether RPC 1.8 was violated.

## V. CONCLUSION

The Letter in question does not constitute a written contract, and therefore this Court will apply the three year statute of limitations set forth under RCW 4.16.080. Because the Letter is not an acknowledgment within the meaning of RCW 4.16.280, and because the discovery rule is inapplicable, Plaintiff's claim is time-barred.

1     Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion for Summary Judgment (Dkt. #24) is GRANTED.

(2) Plaintiffs' Motion for Summary Judgment (Dkt. #8) is DENIED.

(3) Plaintiffs' Motion to Strike (Dkt. #25) is GRANTED.

(4) This action is DISMISSED. The Clerk is directed to close this case.

Dated January 12, 2011.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE